**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KRISTI WISCHNACK,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant. | CASE NO. 4:25-cv-3185<br><br>**COMPLAINT** |

Plaintiff, Kristi Wischnack, for her Complaint against Defendant, Allstate Vehicle and Property Insurance Company, states and alleges as follows:

**PARTIES and VENUE**

1. Plaintiff is a resident of Tulsa, Oklahoma.

2. Upon information and belief, Defendant Allstate Vehicle and Property Insurance Company ("Allstate") is a corporation existing under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois.

3. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over all of Plaintiff's claims, in that there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy alleged by Plaintiff exceeds $75,000, exclusive of interest and costs.

4. Venue in the U.S. District Court for the District of Nebraska is proper under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Nebraska, and Defendant transacted business and is subject to personal jurisdiction in this District.

5. The Policy at issue also requires that any lawsuits related to the Policy shall be brought in "the state in which the residence premises is located." The residence premises for the Policy is located in Omaha, Nebraska (the "Residence Premises").

**FACTUAL BACKGROUND**

6. On or about December 14, 2018, Allstate issued and delivered to Plaintiff the Policy bearing Claim No. 815608576 (the "Policy").

7. The Policy was in full force and effect at all relevant times and provided coverage for, among other things, the theft of Plaintiff's personal property up to stated limits.

8. Plaintiff paid all premiums when due and otherwise satisfied every condition precedent to coverage.

9. Herbert Wischnack was also named as an insured on the Policy at the time Allstate issued the Policy.

10. However, on or about November 6, 2024, Plaintiff and her then-spouse, Herbert Wischnack, were legally divorced pursuant to a decree entered by the District Court of Douglas County, Nebraska, at Case No. 24-6527.

11. As part of the divorce proceedings, the court issued a decree that awarded Plaintiff sole ownership and possession of the personal property in her possession at the Residence Premises.

12. In late 2024, Plaintiff retained Blue Diamond Movers ("Blue Diamond") to relocate her family's household goods from Omaha, Nebraska, to Tulsa, Oklahoma.

13. On December 16, 2024, while Plaintiff's personal property was in Blue Diamond Movers' custody, large quantities of her property—including clothing, furniture, electronics, children's keepsakes, and other personal items—were stolen and never recovered (the "Loss").

14. Plaintiff promptly notified law enforcement and, in accordance with the Policy, provided immediate notice of the Loss to Allstate on December 17, 2024.

15. From January 2025 through August 2025, Plaintiff cooperated fully with Allstate's investigation, including:

a. Participating in multiple recorded statements with adjusters and investigators hired by Allstate;

b. Producing photographs, screenshots, bank receipts, communications with Blue Diamond Movers, and a detailed spreadsheet inventorying hundreds of stolen items;

c. Executing authorizations for release of information from multiple third parties; and

d. Sitting for an Examination Under Oath ("EUO") to answer questions from counsel hired by Allstate; and

e. Producing additional records requested by counsel at the EUO.

16. Despite Plaintiff's exhaustive cooperation, Allstate repeatedly requested duplicate documents already produced, sought irrelevant documents, and delayed scheduling Plaintiff's EUO.

17. As of the filing of this Complaint—nearly nine months after the Loss—Allstate has issued no payment whatsoever under the Policy.

18. On May 23, 2025, Plaintiff, through counsel, issued a formal demand letter to Allstate (the "Demand Letter") outlining her compliance, reiterating the evidence already provided, and requesting that Allstate "issue a preliminary payment" to allow her family to begin replacing necessities.

19. More than sixty (60) days have passed since the Demand Letter. Allstate has neither paid any benefits nor provided a reasonable written explanation for refusing to do so.

20. By letter dated August 25, 2025, Allstate notified Plaintiff "[w]e are still in the process of reviewing the loss."

21. Allstate's refusal to honor its contractual obligations has left Plaintiff and her children without the basic items needed to re-establish their household in their new home.

22. Plaintiff's damages as a result of the theft of her property exceed the policy limits of $537,361.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

23. Plaintiff incorporates paragraphs 1-22, as if stated herein.

24. The Policy constitutes a valid, enforceable contract.

25. On or after November 6, 2024, all of the personal property in Plaintiff's possession at the Residence Premises was insured under the Policy, and all rights and interests in the subject insurance policy belonged to Plaintiff.

26. From and after November 6, 2024, Herbert Wischnack retained no legal or equitable interest in the property at the Residence Premises, or in the Policy.

27. Plaintiff fully performed every duty under the Policy, or has been excused from performance by Defendant's actions.

28. The Loss is covered under the Policy. Defendant is obligated to pay the actual cash value and replacement cost of Plaintiff's stolen property, subject to policy limits.

29. Defendant materially breached the Policy by failing to tender any payment, failing to investigate in a timely and reasonable manner, and failing to provide a coverage determination within a reasonable time.

30. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages exceeding $537,361, including the value of stolen property, additional living expenses, and other consequential losses.

WHEREFORE, Kristi Wischnack prays for judgment against Defendant Allstate in the amount of $537,361, plus pre-judgment interest at the rate of twelve percent (12%) per annum, reasonable attorney's fees pursuant to Neb. Rev. Stat. § 44-359, post-judgment interest, and costs, and for any other and further relief as the court may deem to be just and proper.

**SECOND CAUSE OF ACTION – BAD FAITH**

31. Plaintiff incorporates paragraphs 1-30, as if stated herein.

32. Defendant Allstate lacked a reasonable basis for withholding benefits and knew or recklessly disregarded that lack of a reasonable basis, evidenced by, inter alia:

a. Repeatedly demanding documents already provided by Plaintiff;

b. Repeatedly demanding that Plaintiff undergo multiple interviews with adjusters and private investigators hired by Allstate;

c. Ignoring Plaintiff's May 23, 2025 Demand Letter and continuing to withhold full payment despite clear liability;

d. Failing to investigate, settle, and pay for covered losses within a reasonable time of the Loss; and

e. Failing to provide prompt written explanation for Allstate's nonpayment when liability is reasonably clear.

33. Defendant Allstate acted knowingly or in reckless disregard of the lack of a reasonable basis for denying Kristi Wischnack's claim for the limits of the personal property coverage that it is contractually obligated to pay.

34. Defendant Allstate unreasonably delayed the investigation or payment of Kristi Wischnack's claim by requiring duplication of information and repetitive verification of documents to support her claim.

35. Despite the unfair settlement practices described above, Kristi Wischnack made a reasonable demand on Allstate to issue partial payment within the Policy limits in good faith to effectuate prompt, fair, and equitable coverage when Allstate's liability had become reasonably clear.

36. Defendant Allstate has wrongfully failed to respond to her reasonable request for coverage under her Policy.

37. Kristi Wischnack has been damaged, including but not limited to months of emotional distress and suffering, as a result of Defendant Allstate's refusal, in bad faith, to settle with her, its own policyholder insured.

38. As a result of Defendant Allstate's bad faith, Kristi Wischnack has been compelled to retain legal counsel and to institute litigation to recover amounts due under the Policy.

WHEREFORE, Plaintiff prays for judgment against Defendant Allstate for general damages for emotional distress and inconvenience, in an amount to be determined by the jury, interest due on the wrongfully delayed payments, as well as all attorney fees incurred pursuant to Neb. Rev. Stat. § 44-358, and such other relief as is just and equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Kristi Wischnack prays for judgment against Defendant Allstate Vehicle and Property Insurance Company for general damages in an amount to be determined at trial, for the unpaid amount under her Policy of $537,361, along with reasonable attorneys' fees pursuant

to Neb. Rev. Stat. § 44-359, the costs of this action, pre- and post-judgment interest as allowed by law, and for such other relief the Court deems just and equitable.

**JURY DEMAND**

Kristi Wischnack respectfully demands a trial by jury of all matters so triable.

DATED this 4th day of September 2025.

**KRISTI WISCHNACK**, Plaintiff,

By: */s/ Audrey R. Svane*________________

Audrey R. Svane, No. 25830
WOODS AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska
Tel.: (402) 437-8500
Fax: (402) 437-8558
asvane@woodsaitken.com

*Attorney for Plaintiff*